IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMONA KENNARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-152-E-BN |
| | § | |
| LINDSAY, ET AL., | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Without paying the statutory filing fee, Plaintiff Romona Kennard submitted a filing *pro se* that has been construed as a civil complaint. *See* Dkt. No. 3.

United States District Judge Ada Brown referred Kennard's construed complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may

granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at \*2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763

F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)

(concluding that dismissal "is appropriate when the facts alleged rise to the level of

the irrational or the wholly incredible, whether or not there are judicially noticeable

facts available to contradict them")).

A review of Kennard's filing reflects that the complaint presents claims and

allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring

dismissal with prejudice.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint

before dismissal, but leave is not required when he has already pled his "best case."

*Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Kennard has failed to state

or suggest a cognizable claim or any facts from which a cognizable claim can be

inferred. Based on the most deferential review of his complaint, it is highly unlikely

that, given the opportunity, Kennard could allege cogent and viable legal claims.

Thus, the undersigned concludes that granting leave to amend under these

circumstances would be futile and cause needless delay.

## Sanctions

And, because of her frivolous filing history in this Court, Kennard has been

"warned that if she persists in filing frivolous, baseless, or duplicative actions, or

actions over which the Court lacks subject matter jurisdiction, the Court may impose

monetary sanctions and/or bar her from bringing any further action." *Kennard v. Fire*

*Truck*, No. 3:21-cv-1569-G-BK, Dkt. No. 12 (N.D. Tex.Aug. 21, 2021). At the time of

the warning, Kennard had filed 17 other cases during the previous eight years, al

least three of which had been dismissed as frivolous or for lack of subject matter

jurisdiction. *See Kennard v. Fire Truck*, No. 3:21-cv-1569-G-BK, 2021 WL 3573636,

at \*2 (N.D. Tex. July 16, 2021), *rec. accepted*, 2021 WL 3566347 (N.D. Tex. Aug. 12,

2021).

But Kennard has continued to file frivolous actions, filing at least four cases

last year that were dismissed as frivolous. *See Kennard v. Frank Crowley Building*,

No. 3:24-cv-327-B-BN (filed Feb. 6, 2024, dismissed Mar. 13, 2024); *Kennard v. Bush*,

No. 3:24-cv-1958-B-BT (filed July 31, 2024, dismissed Dec. 22, 2024); *Kennard v.

Motion Picture*, No. 3:24-cv-1959-B-BN (filed July 31, 2024, dismissed Sept. 18, 2024);

*Kennard v. Orphan of Immagation lies or*, No. 3:24-cv-2103-D-BN (filed Aug. 19,

2024, dismissed Sept. 26, 2024). She filed three other complaints at the same time as

this case, all of which are frivolous. *See Kennard v. Fish*, No. 3:25-cv-151-L-BT (filed

Jan. 21, 2025); *Kennard v. El Paso Jail*, No. 3:25-cv-153-K-BW (filed Jan. 21, 2025);

*Kennard v. Riverfront Jail*, No. 3:25-cv-154-L-BN (filed Jan. 21, 2025).

Based on Kennard's filing history and continuing pattern of filing frivolous

actions despite express warning by the Court regarding the consequences for doing

so, sanctions should be imposed. And Kennard should be barred from filing future

actions in this district without first obtaining leave.

### Recommendation

The Court should dismiss the complaint with prejudice. And the Court should

bar Kennard from filing future actions in this district without first obtaining leave of

court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE